IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 22 AND NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION NEBRASKA CHAPTER HEALTH AND WELFARE PLAN, IBEW LOCAL 22/NECA PENSION PLAN A, IBEW LOCAL 22/NECA DEFINED CONTRIBUTION PLAN B, OMAHA BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 22 VACATION-HOLIDAY TRUST FUND, OMAHA ELECTRICAL JOINT TRAINING AND APPRENTICESHIP TRUST FUND, NATIONAL ELECTRICAL BENEFIT FUND, and JULIE FAST, in her representative capacity as a fiduciary of the Plaintiff Funds, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 8:11CV152<br><br><br><br><br><br>ORDER |
| **Plaintiffs,** | ) ) | |
| V. | ) ) | |
| MORRISSEY ELECTRIC COMPANY, and BOSS ELECTRIC, L.L.C., | ) ) ) | |
| **Defendants.** | | |

This matter is before the court on Plaintiffs' Motion to Strike Jury Demands (filing 19). Having thoroughly reviewed the matter and relevant authorities, the court concludes that Plaintiffs' Motion should be denied.

**BACKGROUND**

The International Brotherhood of Electrical Workers Local Union No. 22 ("IBEW Local 22"), National Electrical Contractors Association Nebraska Chapter Health and Welfare Plan ("Health & Welfare Plan"), IBEW Local 22/NECA Pension Plan A ("Pension Plan A"), IBEW Local 22/NECA Defined Contribution Plan B ("Pension Plan B"), Omaha Brotherhood of Electrical Workers Local 22 Vacation-Holiday Trust Fund ("Vacation Fund"), Omaha Electrical Joint Apprenticeship and Training Trust Fund ("Apprenticeship Fund") and National Electrical Benefit Fund ("NEBF") (collectively referred to herein as "Plaintiffs") brought suit against Morrissey Electric Company, Inc. ("Morrissey") and Boss Electric LLC ("Boss") (collectively referred to herein as "Defendants") pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to collect delinquent fringe benefit contributions, liquidated damages, interest and attorney's fees.

Plaintiffs allege that Morrissey is a signatory to certain collective bargaining agreements ("CBAs") with the IBEW Local 22 which govern the terms and conditions of employment of all IBEW Local 22 members while such members are employed by Morrissey. Under the terms of the CBAs, Morrissey is required to submit contributions to the Health & Welfare Plan, Pension Plan A, Pension Plan B and the Vacation Fund. The amount of each contribution is determined by the terms of the CBAs and is based upon the number of hours of work performed by IBEW Local 22 members working for Morrissey in a given month. Plaintiffs maintain that Boss is an "alter-ego" of Morrissey and was established for the purpose of avoiding the obligations imposed on Morrissey under the CBAs. Plaintiffs assert that as an alter-ego, Boss is bound by the terms and conditions of the CBAs and that Boss has failed to honor its obligations under the CBAs. Defendants deny that Boss is an alter-ego of Morrissey and have requested a jury trial.

**ANALYSIS**

Plaintiffs have moved to strike Defendants' jury demands on the ground that a jury trial is not available for ERISA claims. Defendants oppose the Motion, arguing that under

certain circumstances, a jury trial is available in claims brought pursuant to ERISA. Specifically, Defendants contend that because Plaintiffs' claim for delinquent contributions is essentially one for breach of contract, it is legal and nature and should be tried to a jury pursuant to 29 U.S.C. § 1132(g)(2) and the Seventh Amendment. Defendants cite several cases from other jurisdictions in which courts have concluded that a right to jury trial exists in ERISA actions against employers for delinquent contributions. *See Sheet Metal Workers Local 19 v. Keystone Heating and Air Conditioning*, 934 F.2d 35 (3rd Cir. 1991); *Capozza Tile Co., Inc. v. Joy,* 223 F.Supp.2d 307 (D. Me. 2000).

In support of its Motion, Plaintiffs cite *In re Vorpahl*, 695 F.2d 318 (8th Cir. 1982), in which the Eighth Circuit Court of Appeals concluded that a jury trial is not required under ERISA § 502, 29 U.S.C. § 1132. However, as noted by other courts, the *Vorpahl* court "did not expressly or implicitly state that *all* ERISA actions may not be appropriately tried to a jury." *Utilicorp United Inc. for Benefit of Ultilicorp United, Inc. Employee v. Kemper Financial Services, Inc.*, 741 F.Supp. 1363, 1367 n.4 (W.D. Mo. 1989). In *Vorpahl,* the Eighth Circuit did not address the question of whether a party is entitled to a jury trial in claims against employers bound by collective bargaining agreements to collect delinquent contributions under ERISA.

Neither party has provided the court with any United States Supreme Court or Eighth Circuit authority addressing the question of whether claims for delinquent contributions may be tried by jury. In the absence of binding authority directly speaking to the issue at hand, the court will decline to strike Defendants' jury demand. "For we believe that in questionable cases such as the instant case, the strong federal policy governing jury trials is controlling." *Id*. at 1367. *See also Bower v. Bunker Hill Co.*, 675 F.Supp. 1254, 1262 (E.D. Wash. 1986) (stating that "the strong federal policy favoring jury trials provides impetus for finding the right to a jury trial in questionable cases.")

Accordingly, for the reasons explained herein,

**IT IS ORDERED** that Plaintiffs' Motion to Strike Jury Demands (filing 19) is denied.

DATED November 21, 2011.

BY THE COURT:

S/ F.A. Gossett
United States Magistrate Judge

## NOTICE

A party may object to a magistrate judge's order by filing a Statement of Objections to Magistrate Judge's Order within fourteen days after being served with the order. The objecting party must comply with the requirements of NECivR 72.2.