IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 22 AND NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION NEBRASKA CHAPTER HEALTH AND WELFARE PLAN, IBEW LOCAL 22/NECA PENSION PLAN A, IBEW LOCAL 22/NECA DEFINED CONTRIBUTION PLAN B, OMAHA BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 22 VACATION-HOLIDAY TRUST FUND, OMAHA ELECTRICAL JOINT TRAINING AND APPRENTICESHIP TRUST FUND, NATIONAL ELECTRICAL BENEFIT FUND, and JULIE FAST, in her representative capacity as a fiduciary of the Plaintiff Funds, | Case No. 8:11-cv-152 |
| Plaintiffs, | STIPULATED PROTECTIVE ORDER |
| v. | |
| MORRISSEY ELECTRIC COMPANY, INC., d/b/a STARKS ELECTRIC, and BOSS ELECTRIC, L.L.C., | |
| Defendants. | |

THIS MATTER having come before the Court upon the Motion of the Defendant Morrissey Electric Company, Inc. for a Protective Order, and the Court being duly advised of the premises herein,

IT IS HEREBY ORDERED as follows:

1.  Any documents produced or information provided by a party in response to any discovery request which contains financial or personnel information concerning any party or its current or former employees that is not otherwise subject to disclosure to the public shall be subject to the following restrictions:

a.  It shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever;

b.  It shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

   (1) The attorneys of record and persons employed by them;

   (2) Outside experts who have prior to disclosure, signed a Nondisclosure Agreement;

   (3) The parties;

   (4) This Court and Court personnel; and

   (5) Such other persons as the Court may specifically approve after notice and hearing.

c.  All such financial and personnel information shall be furnished only under the terms of this Protective Order and shall be treated by all persons to whom the Information is disclosed and all persons accorded access pursuant to this Protective Order as constituting confidential information and shall neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent order of the Court.

d.  Individuals authorized to review confidential information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by Defendant or order of the Court.

e.  Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel

2

      desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

    f.    There shall be no reproduction whatsoever of any confidential documents or information, except that, as required in the course of this litigation, copies, excerpts or summaries may be shown or given to those persons authorized by this Protective Order to receive such documents or information.

2.    In the event that a party shall desire to provide access to information or documents identified as "confidential" hereunder to any person or category of persons not identified above, it shall move this Court for an order that such a person or category of persons may be given access to the information. In the event that the motion is granted, such person or category of persons may have access to the information, provided that such person or persons have agreed in writing before such access is given to be bound by the terms of this Protective Order, or other conditions as the Court may order.

3.    Upon final termination of this action, including all appeals, all confidential documents, and any other confidential information, provided in discovery, including any copies, excerpts, or summaries thereof that have been prepared by the parties, their counsel, and other persons or entities retained to assist either of the parties in this litigation, shall be returned to disclosing counsel. No copies shall be retained by a non-disclosing party's counsel or other individuals retained to assist them in this litigation. Counsel shall keep an accurate record of all copies, excerpts or summaries of Confidential Information made by counsel and any other person retained to assist in this litigation. The language contained in this paragraph shall not preclude counsel from retaining documents constituting attorney work product as defined by applicable law. In the event copies of Confidential Information provided in discovery, including any copies or excerpts or summaries thereof, contain counsel's work product, counsel shall obliterate its work product and return such documents to disclosing counsel in accordance with the provisions of this paragraph.

DATED this 28 day of November, 2011, at Omaha, Nebraska.

BY THE COURT:

_____
United States Magistrate Judge

Approved as to Form and Content:

_____
Scott L. Brown    KS#20580
BLAKE & UHLIG, P.A.
753 State Avenue
New Brotherhood Building
Suite 475
Kansas City, KS 66101
Attorney for Plaintiff

_____
Thomas F. Hoarty, Jr.    #11863
BYAM & HOARTY
317 American National Building
8990 West Dodge Road
Omaha, NE 68114
(402) 397-0303
Attorney for Defendant Morrissey Electric Company, Inc.

_____
Clarence E. Mock    #15443
JOHNSON & MOCK
307 N. Oakland Avenue
P.O. Box 62
Oakland, NE 68045
Attorney for Boss Electric, L.L.C.

4